**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Minnie Howard, | No. CV-25-01111-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| NEWREZ LLC, et al., | |
| Defendants. | |

Plaintiff Minnie Howard filed this suit in Maricopa County Superior Court alleging claims for breach of contract, conversion, and consumer fraud against defendant NEWREZ LLC ("Newrez"). Newrez removed the case to federal court based on diversity jurisdiction. There is no dispute the parties are diverse, but Howard argues the amount in controversy requirement is not met. Based on Howard's own representations and the possibility that attorneys' fees will be awarded, Newrez has established there is more than $75,000 in controversy.

**I.   Factual and Procedural Background**

Newrez is a mortgage lender that operates in Arizona. Howard obtained a mortgage through Newrez that requires Howard maintain homeowners insurance. At all relevant times, Howard "has had and continues to have homeowners insurance" that "is paid by Newrez through her escrow account." (Doc. 1-1 at 4-5.) Despite Newrez being aware Howard has insurance, it "has repeatedly and knowingly asserted [Howard] does not have insurance." (Doc. 1-1 at 4.) Eventually Newrez "purchased separate insurance and billed

[Howard] for the unnecessary insurance." (Doc. 1-1 at 4.)

Based on Newrez charging her for the duplicative insurance, Howard filed this suit asserting three claims. First, Howard alleges Newrez breached the parties' contract by charging Howard for unnecessary insurance. (Doc. 1-1 at 5.) Second, Howard alleges purchasing the unnecessary insurance with funds taken from her escrow account constituted conversion. And third, Howard alleges Newrez violated the Arizona Consumer Protection Act based on Newrez "knowingly misrepresent[ing] the lack of insurance coverage" to obtain additional money from Howard. (Doc. 1-1 at 5.) Howard seeks awards of compensatory and punitive damages as well as an award of attorneys' fees as authorized by Arizona law when a party prevails on a breach of contract claim. (Doc. 1-1 at 6.)

As required by Arizona Rule of Civil Procedure 72, when Howard filed her complaint in Maricopa County Superior Court, she also filed a Certificate of Compulsory Arbitration. (Doc. 1-1 at 13.) That certificate stated Howard's case was not subject to compulsory arbitration, meaning Howard believed the amount in controversy exceeded $50,000. Maricopa Cnty. Super. Ct. R. 3.10 (a). That amount "include[d] punitive damages, but [did] not include interest, attorney's fees, or costs." Ariz. R. Civ. P. 72(b)(2).

Howard also designated her case as qualifying for "Tier 2" treatment. *See Rieke v. ManhattanLife Assurance Co. of Am.*, No. CV-20-00724-PHX-GMS, 2020 WL 3056123, at *1 (D. Ariz. June 9, 2020) (explaining "tier system" in state court). A Tier 2 case is one of "intermediate complexity." Ariz. R. Civ. P. 26.2(b)(2). The tier assignment can be "based on the damages claimed in the action," with Tier 2 encompassing those actions "claiming more than $50,000 and less than $300,000 in damages," not including "claims for punitive damages, interest, attorney's fees . . . and costs." Ariz. R. Civ. P. 26.2(c)(3), (e). But the basis for tier assignment is the expected complexity of the case, such as the amount of evidence and witnesses that will be required, not simply the amount of damages at issue. Ariz. R. Civ. P. 26.2(b).

Relying in part on Howard's certificate of compulsory arbitration and her designation of Tier 2, Newrez removed the case to federal court. Howard then filed a

motion to remand.

## II. Analysis

Diversity jurisdiction requires the parties be "citizens of different States" and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). The parties agree they are citizens of different states, but they disagree whether more than $75,000 is in controversy. To remove the case from state court, Newrez's notice of removal was required to "include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Now that Howard has disputed the amount in controversy, both parties must "submit proof" for the court to decide "by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. The relevant "proof" may include "the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015). And "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

To support its position that more than $75,000 is in controversy, Newrez cites Howard's designation of the case as qualifying for Tier 2 treatment and her certificate of compulsory arbitration. Although the Tier 2 designation could have been based on Howard's belief her damages exceed $50,000, that designation is not necessarily based on the amount in controversy. The Tier 2 designation therefore provides minimal support for concluding more than $50,000 is in controversy. But Howard's certificate of compulsory arbitration is different. Courts routinely treat such certificates as concessions that at least $50,000 is in controversy, excluding attorneys' fees. *See Treon v. Aetna Life Ins. Co.*, No. CV-20-00529-PHX-JJT, 2020 WL 2537484, at *3 (D. Ariz. May 19, 2020) ("[A] plaintiff's certificate regarding compulsory arbitration sufficiently establishes an amount in controversy of at least $50,000, exclusive of attorneys' fees."). Doing the same here, the

issue is whether Newrez can point to other amounts that place an additional $25,001 in controversy.

When there is a possibility attorneys' fees will be awarded, the expected amount of fees "must be included" when determining the amount in controversy. *Arias*, 936 F.3d at 922. Howard may recover her attorneys' fees if she prevails on her breach of contract claim, and her complaint requests an award of those fees. A.R.S. § 12-341.01. Howard seems to agree attorneys' fees already incurred may be considered in assessing the amount in controversy, but she argues not-yet-incurred fees are a matter of "pure speculation." (Doc. 9 at 3.) The Ninth Circuit has rejected the "concern that calculating future attorneys' fees is inherently too speculative." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 796 (9th Cir. 2018). So although future fees are not inherently too speculative, the court may assess how likely an award is and the expected amount of future fees using its "own knowledge of customary rates and . . . experience concerning reasonable and proper fees." *Id.* at 795.

Newrez argues "parties in insurance bad faith cases often seek (and may be awarded) significant attorney fees." (Doc. 8 at 5.) Newrez cites cases involving fee awards of approximately $48,000, $180,000, and $23,000. (Doc. 8 at 5.) Newrez does not explain why those cases are appropriate comparators, and an award of $23,000 would not be sufficient in this case. But Arizona law allows "for the successful party to recover [its attorneys' fees] under ordinary circumstances," and even a conservative estimate of the amount of fees in this case pushes the amount in controversy over $75,000. *Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319 n.5 (9th Cir. 1997).

It is more probable than not the hourly rates for counsel in this case are at least $300 per hour. *See Greer v. T.F. Thompson & Sons, Inc.*, No. CV-10-799-PHX-SMM, 2012 WL 6164960, at *5 (D. Ariz. Dec. 11, 2012) (finding hourly rate of $300.00 "reasonable for insurance defense work in Phoenix"). If that rate applies, 84 hours of work will be sufficient to bring the amount in controversy above $75,000.

The parties have not provided much information regarding the expected scope of

discovery or motion practice. But they propose a schedule that would require dispositive motions be filed in fifteen months. They also state "settlement/mediation is not imminent" and if this case were to proceed to trial, "[t]he estimated length of trial is 5 days." (Doc. 10 at 4.) Given the lengthy proposed case management schedule, the admission that early settlement is not likely, and the expected trial length, it is more probable than not an award of attorneys' fees would exceed $25,000. Combing those fees with the amount reflected by Howard's certificate of compulsory arbitration sufficiently establishes the amount-in-controversy requirement is met.

Accordingly,

**IT IS ORDERED** the Motion to Remand (Doc. 5) is **DENIED**.

Dated this 19th day of May, 2025.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**